IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Don Boyd, ) | C/A No.: 3:10-3209-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Bi-Lo.; Hunter & Foster, P.A.; Lawrence M. ) | |
| Hunter, Jr.; State of South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The *pro se* plaintiff, Don Boyd, brings this action alleging that the defendants have conspired to prevent his access to the courts. He claims that various state judicial actors conspired to defeat him in state court cases. The plaintiff is requesting $15,300,000 in monetary damages for violations of his constitutional rights and asks for leave to resume or prosecute his original claims.

This matter is before the court for review of the Magistrate Judge's Report and Recommendation (the "Report"). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. The Report recommends that the action should be summarily dismissed without prejudice and without issuance and service of process for the plaintiff's failure to state a claim upon which relief may be granted.

The plaintiff was advised of his right to submit objections to the Report, which was

1

filed on February 8, 2011. Plaintiff filed late objections on March 4, 2011 (ECF No. 12).

## I.     Legal Standard

The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

## II.    Discussion

In his objections, the plaintiff claims he was without a working printer, without  a car, and the University of South Carolina law library was operating under limited holiday hours. Therefore, according to the plaintiff,  the Magistrate Judge knew he would be unable to timely file his objections. However, the plaintiff did not request an extension of time to file them. He also claims that the Report should be rejected and he should be given an extension for ambiguous service. However, even with the 3-day extension for mailed service under Rule 6(d) of the Federal Rules of Civil Procedure, the plaintiff's objections are untimely. Even though they were not timely filed, the court will address the objections on their merits.

Although the petitioner, as a *pro se* litigant, is entitled to some deference by the

judicial system (*see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972)), he nonetheless is required to adhere to the court's orders regarding the timely filing of documents, and he must respect this court's orders so that fairness to all litigants and an effective judicial administration is maintained. *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir.1989). The instructions for filing objections were clearly printed on the last page of the Report and Recommendation.

The court agrees with the Magistrate's conclusion that this court cannot provide the plaintiff with the relief he is seeking. He focuses his allegations on unnamed judges, who he claims participated in the conspiracy against him. The attorneys and law firms named in the suit are not amenable to suit because attorneys do not act under color of state law, which is a jurisdictional prerequisite for a civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Additionally, there is no allegation that Defendant Bi-Lo, Inc. was a state actor.

The plaintiff is asking this court to sit as an appellate court over decisions made by South Carolina state courts and allow him to retry his case. The *Rooker-Feldman* doctrine prohibits a federal district court from reviewing state court orders. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Additionally, as to the plaintiff's claim for damages against the State of South Carolina, the Eleventh Amendment and sovereign immunity protect states from being subject to lawsuits, so the state cannot be named as a defendant. Even with the liberal construction afforded to *pro se* litigants, the Magistrate correctly concluded that this court does not have jurisdiction to consider the plaintiff's

3

claims.

The plaintiff objects to the Magistrate's summary of his complaint because the "Magistrate mischaracterizes or under-characterizes Complaint allegations." (ECF No. 12). The plaintiff asserts that the Magistrate, and not the plaintiff, stated that the plaintiff requested appellate review. The complaint is difficult to follow, but it clearly states that he requests "leave to resume or prosecute original claims at [his] option." This court does not have such appellate jurisdiction.

The remainder of the plaintiff's objections center around his disagreement with the Magistrate's statement of the law regarding suits against states. Plaintiff seems to argue that the Eleventh Amendment does not bar claims for damages against states in this court but rather judges across the country mistakenly believe that these types of suits are barred based on tradition and "maxims." He cites to *Milliken v. Bradley*, 433 U.S. 267, 97 S.Ct. 2749 (1977), a case about school desegregation, for the unfounded proposition that the Eleventh Amendment bars the recovery only of "accrued monetary liability" and not awards of punitive damages for constitutional violations. He also cites to *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780 (1971), a case about the constitutionality of requiring a filing fee to obtain a divorce, to show that state consent to suit is not required. He claims that cases falling under clause one of Article III, Section Two of the U.S. Constitution are automatically allowed to proceed in federal court. Unfortunately for the plaintiff, the Eleventh Amendment was passed and prevents suits against states from being litigated without the state's consent.

### III.   Conclusion

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, this action is dismissed without prejudice and without service of process.

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

August 12, 2011                                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                                          United States District Judge

5